UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10720-GAO

ST. ANNE'S CREDIT UNION
Appellant,

v.

DAVID ACKELL,
Appellee.

OPINION AND ORDER
March 21, 2013

O'TOOLE, D.J.

This is an appeal from a ruling of the United States Bankruptcy Court for the District of Massachusetts. The sole issue is whether the Bankruptcy Court correctly interpreted 11 U.S.C. § 362(c)(3)(A) in ruling that the automatic stay remained in effect with respect to the property of the bankruptcy estate beyond thirty days after the appellee, David Ackell ("debtor"), filed a chapter 13 petition, when he had previously had a petition pending and dismissed within the past year. This Court has jurisdiction to hear an appeal from a final judgment of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

**I.   Background**

In February 2007 the debtor obtained a loan from St. Anne's Credit Union and granted the credit union a mortgage on his real estate as security for the loan.

The debtor first filed a chapter 13 petition on February 12, 2010. During the pendency of the first petition he filed four separate chapter 13 plans. Each was objected to by either the chapter 13 trustee or the credit union, and no plan was approved by the Bankruptcy Court. After he failed to file another amended plan the court dismissed the first case on June 10, 2011.

On December 5, 2011, the debtor filed a second chapter 13 petition. On February 8, 2012 the credit union filed with the Bankruptcy Court a "Motion to Determine that the Automatic Stay Does Not Apply to Any Extent," which the debtor opposed. After a hearing the Bankruptcy Court denied the motion, citing In re Jumpp, 356 B.R. 789 (B.A.P. 1st Cir. 2006), which held that § 362(c)(3)(A) operates to terminate the automatic stay only as to actions against the debtor personally and his non-estate property, and that the stay remains in effect as to the property of the bankruptcy estate. The credit union appealed.

**II.**     **Discussion**

   A.      11 U.S.C. § 362(c)(3)(A)

A central provision of the bankruptcy code is the automatic stay under 11 U.S.C. § 362. With certain exceptions the stay serves to halt the actions of creditors once a bankruptcy petition has been filed. The automatic stay is an important tool in the administration of bankruptcy, but it is also one that can be abused. Congress has taken measures to curb potential abuse, and the interpretation of one such measure, § 362(c)(3)(A), is at issue in this case. That section limits the applicability of the automatic stay as to debtors who file a second petition after their first petition had been dismissed within the previous year. The statute reads,

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **shall terminate with respect to the debtor** on the 30th day after the filing of the later case;
> >
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or

>limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed

11 U.S.C. § 362(c)(3)(A)-(B) (emphasis added).

There is no dispute that this section applies to the debtor in this case; he filed a second case within a year of the dismissal of his first case. The question presented is to what extent the automatic stay terminates after thirty days (unless specifically extended by court order). This is a controversial question with no pellucid answer. The Bankruptcy Court followed the current majority view, expressed in Jumpp, that the stay terminates only with regard to actions against the debtor personally and his non-estate property. See 356 B.R. at 796-97. If that conclusion properly applies to this case, the mortgaged real estate, to the extent that it is property of the bankruptcy estate, remains protected by the automatic stay.

There is a second line of cases, which the credit union urges this Court to follow, that interpret the statute differently. The minority view holds that 11 U.S.C. § 362(c)(3)(A) terminates the automatic stay thirty days after filing the second petition not just as to actions taken against the debtor and his property, but also as to actions against property of the bankruptcy estate (to the extent of the debtor's interest in such property). See, e.g., In re Reswick, 446 B.R. 362, 373 (B.A.P. 9th Cir. 2011). The split between the two lines of authority emerges from differing interpretations of the phrase "with respect to the debtor" in paragraph (A) of the statute.[1]

---

[1] The divergent authority has been attributed to a statute described as, "at best, particularly difficult to parse and, at worst, virtually incoherent." In re Charles, 332 B.R. 538, 541 (Bankr. S.D. Tex. 2005).

B.      In re Jumpp

In Jumpp the court concluded that the stay only terminates as to actions against "the debtor" and "property of the debtor." 356 B.R. at 796. The court found the statutory phrase "with respect to debtor" unambiguous both in isolation and in context. Id. at 793-96. The court found that Congress had in many instances distinguished among actions against the debtor, actions against the property of the debtor, and actions against the property of the estate. The court read the phrase "with respect to the debtor" to draw a distinction among those categories of property that could be the target of a creditor's action and thus a matter of interest for the automatic stay. Simply put, the distinction is between estate and non-estate property. In the court's view, the statute intended to terminate the stay only as to actions against non-estate property and the debtor personally, but to leave the stay intact as to actions against the property of the estate. The court concluded that this struck a balance between protecting creditors and penalizing second time filers. Id. at 796-97.

C.      In re Reswick

In Reswick, the Bankruptcy Appellate Panel of the Ninth Circuit concluded that § 362(c)(3)(A) served to terminate the stay entirely thirty days after a debtor's second filing. 446 B.R. at 373. In reaching that conclusion, the court viewed the phrase "with respect to the debtor" in the context of § 362(c)(3) as a whole and not as an isolated phrase. Id. at 367. The court concluded that the phrase "with respect to the debtor" was inserted to create a distinction not between different categories of property that might be affected by the stay but rather between the debtor and a jointly-filing spouse. Id. at 368-69. The court found Jumpp's interpretation to be both internally inconsistent and leaving the statute with little practical effect. Id. at 367-68. It also found Jumpp's analysis difficult to reconcile with the related § 362(c)(3)(B), providing an

opportunity not only to the debtor but to any other "party in interest" to seek an extension of the stay beyond thirty days. This indicated to the court that the termination provision could affect property interests beyond those of the debtor alone.

Finally, the court found support for its view in the legislative history. The court felt that the history did not comport with a conclusion that the termination of the stay was only meant to be partial and narrowly limited. Id.

### D. Ruling

After reviewing the relevant case law on both sides of the debate, I agree with the interpretation in Reswick, substantially for the reasons stated. Under § 362(c)(3)(A), the automatic stay terminates in its entirety thirty days after the filing of a second petition filed within a year of the dismissal of a previous petition, unless extended as provided in § 362(c)(3)(B).

The evident purpose of § 362(c)(3) is to discourage serial filings that are made simply to obtain the benefit of the automatic stay, and it accomplishes that purpose by denying a serial filer the benefit of the stay for any more than thirty days unless the court finds special circumstances to continue it. This purpose does not require drawing distinctions among classes of property potentially protected by the stay, and it is particularly not well served by excluding from the deterrent penalty actions against the bankruptcy estate and including only actions against the debtor personally and his other property outside the estate. The practical effect of such a narrow reading of the provision is likely to be so small Congress might as well have saved the ink. On the other hand, the deterrent purpose is well served by letting the would-be serial filer know that his serial filing will not gain him much advantage, because the stay will dissolve entirely unless specifically authorized to continue by the court.

I agree with the Reswick court and the other minority-view courts that the qualification "with respect to the debtor" is intended to draw a distinction not among classes of property to be protected by the stay but rather between the offending serial-filing debtor and other potential parties in interest, including an innocent jointly-filing spouse. In short, those persons other than the debtor who are not guilty of abuse by serial filings are not deprived of the benefit of the automatic stay, while the debtor is. Note that the prefatory language in § 362(c)(3) proposes at least some of the conditional circumstances in which the ensuing qualification "with respect to the debtor" is necessary, for example where the second filing is a joint one and the debtor's spouse is not a second filer. In that case, the stay goes away "with respect to the debtor" but not the non-abusing spouse. The majority-view courts ignore the significance of the prefatory language, which essentially sets up the problem to be solved.

Furthermore, I agree with Reswick that the view taken by the court in Jumpp and similar courts is unfaithful to their own "plain meaning" approach. Reswick correctly notes that the view taken by Jumpp

> does not simply find that the stay terminates with respect to the debtor personally, even though a "plain language" interpretation of "with respect to the debtor" might dictate such a result. Instead, the majority interpretation finds that the stay terminates "with respect to the debtor and the debtor's non-estate property," which somewhat undermines the persuasiveness of their "plain language" argument.

Id. at 369.

I adopt the view expressed in Reswick and the other minority-view courts and conclude that under § 362(c)(3)(A) when a second bankruptcy petition is filed within a year of the dismissal of a previous petition, the automatic stay terminates in its entirety thirty days after the petition is filed as to all interests of the debtor, including property in the bankruptcy estate.

6

## **IV.**     **Conclusion**

For the reasons stated herein, the Bankruptcy Court's order is REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
